Robert A. JOHNS, Plaintiff,

v.

AUTONATION USA CORPORATION; and AutoNation Group Health and Welfare Plan, Defendants.

No. 04–1467–PHX–ROS.

United States District Court, D. Arizona.

May 12, 2006.

Eric Glenn Slepian, Slepian Law Office, Phoenix, AZ, for Plaintiff.

Sharon S. Moyer, Stephen P. Linzer, Sacks Tierney PA, Scottsdale, AZ, for Defendants.

## ORDER

ROSLYN O. SILVER, District Judge.

Pending before the Court is Defendants' Motion to Amend Answer. (Doc. 37) Defendants wish to amend their answer to raise the affirmative defense of Employee Retirement Income Security Act ("ERISA") preemption. Plaintiff believes that Defendants' request should be denied as untimely. For the following reasons, the Motion to Amend Answer will be denied.

## BACKGROUND

Plaintiff filed suit on July 16, 2004. His complaint alleges a "breach of contract under the Defendant AutoNation Group Health and Welfare Benefit Plan"; a breach of AutoNation's fiduciary duties; and a violation of ERISA and the Consolidated Omnibus Budget Reconciliation Act. (Doc. 1) Plaintiff seeks compensation for medical expenses incurred, statutory penalties, and attorneys' fees and costs. Defendants answered the complaint on October 14, 2004. That answer did not raise the affirmative defense of ERISA preemption. On November 22, 2004, the parties submitted a Joint Proposed Case Management Plan. (Doc. 10) That Plan proposed that all "Procedural Motions including Motions to Amend" be filed by March 15, 2005. On December 9, 2004, a Rule 16 Scheduling Order was filed. (Doc. 14) That Order stated "Procedural motion[s] including Motion[s] to Amend the Complaint or Answer ... shall be filed no later than *March 15, 2005.*" In a June 1, 2005 Order denying a Motion to Dismiss filed by Defendants, the Court stated that "ERISA preemption will apply" to certain of Plaintiff's claims "so long as Defendants have preserved the defense." (Doc. 22)

The parties later stipulated to extend the discovery and dispositive motion deadlines contained in the December 9, 2004 Rule 16 Scheduling Order. (Doc. 23) In the Amended Rule 16 Scheduling Order issued pursuant to that stipulation, there is no mention of the deadline for Motions to Amend. (Doc. 24) The parties later requested another extension of certain deadlines. On January 5, 2006, the Court signed a revised Rule 16 Scheduling Order allowing the extensions. (Doc. 32) This Scheduling Order also did not contain a deadline for Motions to Amend. Defendants filed their Motion to Amend Answer on February 22, 2006, over eleven months after the deadline for such motions. The Court recently signed another Amended Rule 16 Scheduling Order. (Doc. 62) That Order contains no mention of the deadline for motions to amend.

## ANALYSIS

Both parties address the Motion to Amend in terms of Federal Rule of Civil Procedure 15(a)'s liberal policy regarding amendments. At this point in the litigation, however, the request to amend is properly analyzed under Rule 16 as a request to amend the Scheduling Order. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir.1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standard controlled."). The standard for granting an extension pursuant to Rule 16 is markedly different from the standard pursuant to

Rule 15. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. Thus, "the focus of the [Rule 16] inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*" *Id.* (citation omitted) (emphasis added).

■ Defendants have failed to demonstrate good cause for their belated motion to amend. Defendants were aware of the deadline for amendments as early as November 2004. Defendants agreed to the March 15, 2005 deadline in the Proposed Case Management and that date was included in the initial Rule 16 Scheduling Order. The subsequent Rule 16 Scheduling Orders did not mention the deadline due to the deadline having already passed at the time the orders were entered. In requesting or agreeing to the later Rule 16 Scheduling Orders, Defendants never requested an extension on the time for it to amend its answer. Defendants' only attempt to explain the delay in seeking to amend their answer is that they retained new counsel in October 2005. But Defendants waited four months after the substitution of counsel to request leave to amend. Disregarding the serious delay prior to the change of counsel, the four month delay after new counsel was obtained shows Defendants were not diligent. *See id.* at 610 (finding trial court did not err by denying motion to amend filed four months after deadline).

■ Disregarding the issue of timeliness, Defendants assert that ERISA preemption is not a waivable defense. (Doc. 55) According to Defendants, "preemption is an issue of subject matter jurisdiction and so need not be plead as an affirmative defense." (Id.) The Ninth Circuit, however, has held that ERISA preemption raised in federal court is a waivable defense because it is a choice of law, rather than a choice of forum, issue.

*Gilchrist v. Jim Slemons Imports, Inc.,* 803 F.2d 1488, 1497 (9th Cir.1986). *See also Saks v. Franklin Covey Co.,* 316 F.3d 337, 349 (2d Cir.2003) (stating Second Circuit joins four other circuits in holding ERISA preemption a waivable defense); *Wolf v. Reliance Standard Life Ins. Co.,* 71 F.3d 444, 449 (1st Cir.1995) ("We hold that ERISA preemption in a benefits-due action is waivable, not jurisdictional, because it concerns the choice of substantive law but does not implicate the power of the forum to adjudicate the dispute."). Plaintiff is attempting to recover the benefits allegedly due to him pursuant to Defendants' plan. Thus, this is a benefits-due action and preemption is a waivable defense.[1]

Accordingly,

**IT IS ORDERED** Defendants' Motion to Amend Answer (Doc. 37) is **DENIED.**

---

1. ERISA preemption is a waivable defense in only certain ERISA cases, including benefits-due cases. As stated by the Second Circuit, "ERISA preemption in a benefits-due action is a waivable defense," but "other types of actions under ERISA are subject to the exclusive jurisdiction of federal courts." *Saks,* 316 F.3d at 349–50. In those cases, preemption is not waivable. *Id.*